PEOPLE, PLAINTIFF AND APPELLEE, *v.* COLL MAYOL, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in a Prosecution for Violation of the Act to Regulate the Weight of Bread.

No. 1275.—Decided June 28, 1918.

WEIGHTS AND MEASURES—BREAD.—The provision of section 2 of Act No. 13 of 1917, that any loaf of bread sold or offered for sale shall be labeled plainly with its correct weight and the name of its manufacturer, is general and includes bread called sweet bread.

The facts are stated in the opinion.

*Mr. José D. Rodríguez* for the appellant.

*Mr. Salvador Mestre, fiscal,* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint charges that on October 17, 1917, Miguel Coll Mayol "offered and kept for sale in a shop bread not labeled with the weight of each loaf, or the name of the baker." He was convicted in the municipal court. He appealed and having been found guilty also by the district court, then appealed to this court.

At the trial the defendant offered in evidence a letter dated October 27, 1917, and signed by Manuel Gorbea, Chief of the Bureau of Weights and Measures, reading as follows: "In answer to your letter of the 25th instant I have the honor to inform you that fancy sweetmeats weighing less than 100 grams need not be labeled. In the opinion of this Bureau

such confections should be considered as sweetmeats the same as cakes, Mallorca bread, Swiss bread, etc.'' The district attorney objected and the court refused to admit the letter in evidence. The defendant contends that the court erred in so ruling. The date of the letter is subsequent to the date on which the offense was committed and contains only the opinion of a public functionary. The letter was not necessary for the purpose of invoking the applicability of section 27 of the weights and measures regulations. The error assigned was not committed. See the decision of this court in the case of *People* v. *Coll, ante,* p. 398.

The evidence examined shows that the bread sold in this case was sweet bread and weighed less than 100 grams. And the appellant contends that such sale constitutes no infraction penalized by the law.

The defendant is charged directly with the violation of section 2 of Act No. 13 of 1917, which provides that any loaf of bread sold or offered for sale in Porto Rico weighing more or *weighing less* than the standard loaf of one pound, or 453 grams, shall be labeled in plain and intelligible English or Spanish words and figures with its correct weight and the name of its manufacturer. The act makes no distinction, but refers to bread in general, and as regards the weight excepts only the standard loaf from the requirement of being labeled.

On April 23, 1917, the Bureau of Weights and Measures issued Circular No. 55 to the bakers and venders of bread in the Island, laying down rules for the better compliance with the act. There is nothing in the said circular which can favor the contention of the appellant.

The appellant relies on section 27 of the Rules and Regulations of December 3, 1913, for putting into effect the Weights and Measures Act of August 18, 1915, which concludes as follows: ''The provisions of this section shall not be construed as applying to cakes, etc., weighing less than 100 grams (or a quarter of a pound).'' Furthermore, the

second paragraph of Circular No. 6 of the Bureau of Weights and Measures of May 3, 1914, reads as follows: "Cakes, etc., and fancy sweet bread weighing less than a quarter of a pound, or 100 grams, are alone excepted from the requirements of this section."

As may be seen, both the regulation and the circular relied on are prior to Act No. 13 of April 12, 1917.

The regulation does not conflict with the new act inasmuch as it refers only to cakes, but the circular does, in the detail indicated.

The only way of excepting "sweet bread" from the provisions of Act No. 13 of 1917 would be by concluding that although it is called bread it is really not bread within the meaning and intention of the act. It has not been shown that this is the case, and without such showing the law must be applied to its full extent.

The judgment appealed from, under which the accused was sentenced to pay a fine of one dollar or be imprisoned in jail for one day, should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.